**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF KENTUCKY**

CIVIL ACTION NO. 3:17-cv-00523-DJH

J.H, a minor, by and through
his natural mother and next friend,
ALISA HICKERSON                                                    PLAINTIFFS

vs.

STEVE CONRAD;
CURT FLYNN;
NATHANIEL RAUSCH;
UNKNOWN OFFICERS, INDIVDUALLY AND IN THEIR CAPACITIES AS OFFICERS
OF THE LOUISVILLE METRO POLICE DEPARTMENT;
LOUISVILLE JEFFERSON COUNTY METRO GOVERNMENT            DEFENDANTS.

_____

**CIVIL RIGHTS COMPLAINT WITH REQUEST FOR TRIAL BY JURY**
_____

Come now the Plaintiffs**,** J.H, a minor, by and through
his natural mother and next friend, Alisa Hickerson  by and through counsel, and for their
claim and cause of action against Defendants, herein, request a trial by jury and state as
follows:

## I. INTRODUCTION

1. Plaintiff, J.H. is a minor child now age fifteen years, having been born on January 20, 2002.  Alisa Hickerson brings this action as his next friend. She is J.H's natural mother and guardian.

2. That the Plaintiffs, J.H and Alisa Hickerson were at all times relevant herein, residents of Louisville, Jefferson County, Kentucky.

3. Defendants, Unknown Officers, at the time of the incident complained of herein, are and were at all times relevant hereto employees and officers of the Louisville Metro Police Department acting under color of law and within the scope of their employment with the Louisville Jefferson County Metro Government and the Louisville Metro Police Department.

4. Defendant Chief of Police Steve Conrad is and was at all time relevant hereto the Chief of Police of the Louisville Metro Police Department and was responsible for the promulgation and implementation of police policies and, procedures and practices within the Louisville Metro Police Department.

5. Defendant Officer Nathaniel Rausch, at the time of the incident complained of herein, is and was at all times relevant hereto an employee and officer of the Louisville Metro Police Department acting under color of law and within the scope

**1**

of their employment with the Louisville Jefferson County Metro Government and the Louisville Metro Police Department.

6. Defendant Officer Curt Flynn, at the time of the incident complained of herein, is and was at all times relevant hereto an employee and officer of the Louisville Metro Police Department acting under color of law and within the scope of their employment with the Louisville Jefferson County Metro Government and the Louisville Metro Police Department.

7. Defendant, Louisville Metro Government is and was at all times relevant hereto a municipal corporation duly organized under Kentucky law with the capacity to sue and be sued and, as such, was and is responsible for the policies, procedures, and practices implemented through its various agencies, agents, departments, and employees, and for injury occasioned thereby, It was also the public employer of Defendants, Chief of Police Steve Conrad, Officer Nathaniel Rausch, Officer Curt Flynn and as yet unnamed officers of the Louisville Metro Police Department.

8. Plaintiffs sue all public employee Defendants in their official and individual capacities except where specified otherwise.

## II. JURISDICTION, VENUE, AND NOTICE

9. This action arises under the Constitution and laws of the United States, including Article III, Section 1 of the United States Constitution and is brought pursuant to 42 U.S.C. §§ 1981, 1983 and 42 U.S.C. § 1988. The Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343, 2201.

10. This case is instituted in the United States District Court for the Western District of Kentucky pursuant to 28 U.S.C. §1391 as the judicial district in which all relevant events and omissions occurred and in which Defendants maintain offices and/or reside.

## III. PARTIES

11. At all times relevant hereto, Plaintiff J.H was a resident of the State of Kentucky and a citizen of the United States of America.

12. At all times relevant hereto, Defendant Nathaniel Rausch was a citizen of the United States and a resident of the State of Kentucky and was acting under color of state law in his capacity as a law enforcement officer employed by the Defendant Louisville Jefferson County Metro Government and/or of the Louisville Metropolitan Police Department. Defendant Rausch is sued individually.

13. At all times relevant hereto, Defendant Curt Flynn was a citizen of the United States and a resident of the State of Kentucky and was acting under color of state law in his capacity as a law enforcement officer employed by the Defendant Louisville Jefferson County Metro Government and/or of the Louisville Metropolitan Police Department. Defendant Flynn is sued individually.

2

14. Defendant Louisville Jefferson County Metro Government hereinafter is a Kentucky municipal corporation and is the legal entity responsible for itself and for the Louisville Metro Police Department. This Defendant is also the employer of the individual Defendants and is a proper entity to be sued under 42 U.S.C. § 1983.

15. At all times relevant hereto, Defendant Steve Conrad was a citizen of the United States and a resident of the State of Kentucky. Defendant Steve Conrad is sued in his official capacity as the Chief of the Louisville Metro Police Department, employed by the Jefferson County Metro Government and/or the Louisville Metro Police Department, and was acting under color of state law.

16. As the Chief of the Louisville Metro Police Department, Defendant Conrad both exercised and delegated his municipal final decision making power. On information and belief, he also trained and supervised individual Defendants Rausch and Flynn.

17. Jefferson County Metro Government and Defendant Conrad are properly sued directly under 42 U.S.C. § 1983 for their own and their delegated deliberately indifferent unconstitutional decisions, policies, practice, habits, customs, usages, training and derelict supervision, ratification, acquiescence and intentional failures which were moving forces in the complained of constitutional and statutory violations and resulting injuries.

18. The Defendant Jefferson County Metro Government is also properly sued under 42 U.S.C. § 1983 for the challenged delegated final decisions of Defendant Steve Conrad in his official capacity as the Chief of the Louisville Metro Police Department, and for those of any final delegated decision makers, with respect to the hereinafter challenged deliberately indifferent policies, decisions, widespread habits, customs, usages and practices.

19. Plaintiff J.H suffers emotional distress, with significant PTSD type symptoms, including sadness, anxiety, stress, anger, depression, frustration, sleeplessness, nightmares and flashbacks from being attacked by the LMPD K-9 dog.

20. Plaintiff is also entitled to punitive damages on all of his claims against the individual Defendants personally to redress their willful, malicious, wanton and reckless.

## IV. STATEMENT OF FACTS

21. On the morning of July 25, 2016, Louisville, Metro Police were dispatched to 2234 Hale Avenue for a complaint of a suspected breaking and entering.

22. The officers sent a K-9 dog in the house.

23. The rightful inhabitants of the house, who were asleep, occupied the house.

24. The children of the house were home on summer break from school.

25. The K-9 dog assaulted J.H, one of the rightful inhabitants of house.

26. J.H received bite wounds and scratches to his head and arms from the K-9 dog.

27. The Louisville Metro Police officers on the scene handcuffed J.H while in his pajamas.

28. J.H was treated for his injuries by Louisville EMS on the scene and transported to Kosair Children's hospital.

29. J.H has autism.

30. J.H developed keloid on his arms and head as a result of being bitten by the Louisville Metro Police Department K-9 dog July 25, 2016.

31. J.H's K-9 dog bite wounds have not completely healed.

32. A dermatologist for his bite wounds is treating J.H.

33. J.H is treating with a therapist to deal with the emotional, physical and mental distress and trauma he experienced and is experiencing as a result of the assault from the K-9 police dog.

## V. CLAIMS FOR RELIEF

**FIRST CLAIM FOR RELIEF**
**42 U.S.C. § 1983 – Excessive Force in violation of the Fourth and Fourteenth Amendments**

(Against Defendants Flynn, Rausch and Unknown Officers)

34. Plaintiff hereby incorporates all other paragraphs of this Complaint as if fully set forth herein.

35. 42 U.S.C. § 1983 provides that: Every person, who under color of any statute, ordinance, regulation, custom or usage of any state or territory or the District of Columbia subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the constitution and law shall be liable to the party injured in an action at law, suit in equity, or other appropriate proceeding for redress . . .

36. Plaintiff in this action is a citizen of the United States and all of the individual police officer Defendants to this claim are persons for purposes of 42 U.S.C. § 1983.

37. All individual Defendants to this claim, at all times relevant hereto, were acting under the color of state law in their capacity as LMPD police officers and their acts or omissions were conducted within the scope of their official duties or employment.

38. At the time of the complained of events, Plaintiff had a clearly established constitutional right under the Fourth Amendment to be secure in his person from unreasonable seizure through excessive force.

39. Plaintiff also had the clearly established Constitutional right under the Fourteenth Amendment to bodily integrity and to be free from excessive force by law enforcement.

40. Any reasonable police officer knew or should have known of these rights at the time of the complained of conduct as they were clearly established at that time.

41. Defendants Flynn, Rausch's and Unknown Officers actions and use of force, as described herein, were objectively unreasonable in light of the facts and circumstances confronting them and violated these Fourth Amendment rights of Plaintiff.

42. Defendants Flynn, Rausch's and Unknown Officers actions and use of force, as described herein, were also malicious and/or involved reckless, callous, and deliberate indifference to Mr. Hickerson's federally protected rights. The force used by these Defendant officers shocks the conscience and violated these Fourteenth Amendment rights of Plaintiff.

43. Defendants Flynn, Rausch's and Unknown Officers unlawfully seized J.H. by means of objectively unreasonable, excessive and conscious shocking physical force, thereby unreasonably restraining J.H of his freedom.

44. The force used constituted deadly force in that it could have caused death and did cause serious bodily injury.

45. None of the Defendant officers took reasonable steps to protect Plaintiff from the objectively unreasonable and conscience shocking excessive force of other Defendant officers or from the excessive force of later responding officers despite being in a position to do so. They are each therefore liable for the injuries and damages resulting from the objectively unreasonable and conscience shocking force of each other officer.

46. Defendants engaged in the conduct described by this Complaint willfully, maliciously, in bad faith, and in reckless disregard of J.H's federally protected constitutional rights.

47. They did so with shocking and willful indifference to Plaintiff's rights and their conscious awareness that they would cause Plaintiff severe physical and emotional injuries.

48. The acts or omissions of all individual Defendants were moving forces behind Plaintiff's injuries.

49. These individual Defendants acted in concert and joint action with each other.

50. The acts or omissions of Defendants as described herein intentionally deprived Plaintiff of his constitutional rights and caused him other damages.

51. These individual Defendants are not entitled to qualified immunity for the complained of conduct.

52. The Defendants to this claim at all times relevant hereto were acting pursuant to municipal/county custom, policy, decision, ordinance, regulation, widespread habit, usage, or practice in their actions pertaining to Plaintiff.

53. As a proximate result of Defendants' unlawful conduct, Plaintiff has suffered actual physical and emotional injuries, and other damages and losses as described herein entitling him to compensatory and special damages, in amounts to be determined at trial. As a further result of the Defendants' unlawful conduct, Plaintiff has incurred special damages, including medically related expenses and may continue to incur further medically and other special damages related expenses, in amounts to be established at trial.

54. Plaintiff is further entitled to attorneys' fees and costs pursuant to 42 U.S.C. §1988, pre-judgment interest and costs as allowable by federal law. There may also be special damages for lien interests.

55. In addition to compensatory, economic, consequential and special damages, Plaintiff is entitled to punitive damages against each of the individually named Defendants under 42 U.S.C. § 1983, in that the actions of each of these individual Defendants have been taken maliciously, willfully or with a reckless or wanton disregard of the constitutional rights of Plaintiff.

**SECOND CLAIM FOR RELIEF**
**Violation of 42 U.S.C. § 1983 – Deliberately Indifferent Policies, Practices, Customs, Training, and Supervision in violation of the Fourth, Fourteenth, and First Amendments and in violation of 42 U.S.C. § 1981**
(Against Louisville Jefferson County Metro Government and Defendant Conrad only)

56. Plaintiff hereby incorporates all other paragraphs of this Complaint as if fully set forth herein.

42 U.S.C. § 1983 provides that:

Every person, who under color of any statute, ordinance, regulation, custom or usage of any state or territory or the District of Columbia subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the constitution and law shall be liable to the party injured in an action at law, suit in equity, or other appropriate proceeding for redress . . .

57. Plaintiff in this action is a citizen of the United States and Defendants to this claim are persons for purposes of 42 U.S.C. § 1983.

6

58. The Defendants to this claim at all times relevant hereto were acting under the color of state law.

59. Plaintiff had the following clearly established rights at the time of the complained of conduct:

a. the right to be secure in his person from unreasonable seizure through excessive force, under the Fourth Amendment;

b. the right to bodily integrity and to be free from excessive force by law enforcement under the Fourteenth Amendment;

60. Defendant Conrad and Defendant Louisville Jefferson County Metro Government knew or should have known of these rights at the time of the complained of conduct as they were clearly established at that time.

61. The acts or omissions of these Defendants, as described herein, deprived J.H of his constitutional and statutory rights and caused him other damages.

62. The acts or omissions of Defendants as described herein intentionally deprived Plaintiff of his constitutional and statutory rights and caused him other damages.

63. Defendants are not entitled to qualified immunity for the complained of conduct.

64. Defendant Conrad and Defendant Louisville Jefferson County Metro Government, were, at all times relevant, policymakers for the Louisville Metro County Metro Government and the Louisville Metro Police Department, and in that capacity established policies, procedures, customs, and/or practices for the same.

65. These Defendants developed and maintained policies, procedures, customs, and/or practices exhibiting deliberate indifference to the constitutional rights of citizens, which were moving forces behind and proximately caused the violations of J.H's constitutional and federal rights as set forth herein and in the other claims, resulted from a conscious or deliberate choice to follow a course of action from among various available alternatives.

66. Defendant Conrad and the Defendant Louisville Jefferson County Metro Government have created and tolerated an atmosphere of lawlessness, and have developed and maintained long-standing, department-wide customs, law enforcement related policies, procedures, customs, practices, and/or failed to properly train and/or supervise its officers in a manner amounting to deliberate indifference to the constitutional rights of Plaintiff and of the public.

67. In light of the duties and responsibilities of those police officers that participate in arrests and preparation of police reports on alleged crimes, the need for specialized training and supervision is so obvious, and the inadequacy of training and/or supervision is so likely to result in the violation of constitutional and federal rights such as those described herein that

the failure to provide such specialized training and supervision is deliberately indifferent to those rights.

68. The deliberately indifferent training and supervision provided by Defendant Louisville Jefferson County Metro Government and Defendant Conrad resulted from a conscious or deliberate choice to follow a course of action available from among various alternatives available to Defendant Louisville Jefferson County Metro Government and Defendant Conrad and were moving forces in the constitutional and federal violation injuries complained of by Plaintiff.

69. As a direct result of Defendants' unlawful conduct, Plaintiff has suffered actual physical and emotional injuries, and other damages and losses as described herein entitling him to compensatory and special damages, in amounts to be determined at trial. As a further result of the Defendants' unlawful conduct, Plaintiff has incurred special damages, including medically related expenses and may continue to incur further medically or other special damages related expenses, in amounts to be established at trial.

70. On information and belief, Plaintiff may suffer lost future earnings and impaired earnings capacities from the not yet fully ascertained sequelae of his head injury, in amounts to be ascertained in trial. Plaintiff is further entitled to attorneys' fees and costs pursuant to 42 U.S.C. §1988, pre-judgment interest and costs as allowable by federal law. There may also be special damages for lien interests.

71. Finally, Plaintiff seeks appropriate declaratory and injunctive relief pursuant to 42 U.S.C. § 1983 to redress Defendants' above described ongoing deliberate indifference in policies, practices, habits, customs, usages, training and supervision with respect to the rights described herein, and with respect to the ongoing policy and/or practice of the LMPD of failing to investigate or appropriately handle complaints of the same, which Defendants have no intention for voluntarily correcting despite obvious need and requests for such correction.

## VI. PRAYER FOR RELIEF

Plaintiff prays that this Court enter judgment for the Plaintiff and against each of the Defendants and grant:

    A.  compensatory and consequential damages, including damages for emotional distress, humiliation, loss of enjoyment of life, and other pain and suffering on all claims allowed by law in an amount to be determined at trial;

    B.  economic losses on all claims allowed by law;

    C.  special damages in an amount to be determined at trial;

    D.  punitive damages on all claims allowed by law against individual Defendants and in an amount to be determined at trial;

    E.  attorneys' fees and the costs associated with this action under 42 U.S.C. § 1988, 36 including expert witness fees, on all claims allowed by law;

    F.  pre- and post-judgment interest at the lawful rate; and,

    G.  any further relief that this court deems just and proper, and any other appropriate relief at law and equity.

**PLAINTIFF REQUESTS A TRIAL BY JURY.**

/s/Brandon J. Lawrence
Brandon J. Lawrence, Esq.
The Law Office of Brandon J. Lawrence
101 North Seventh Street
Louisville, KY  40202
502.996.7735 (telephone)
502.996.7796(facsimile)
Brandon@lawyerforthecity.com
**Counsel for Plaintiff**